## STATE v. BENDER.

Court of Quarter Sessions.   Kent.   December, 1793.

*Miller's Notebook, 33.**

*Fisher,* for defendant, objected to her being sworn.   He apprehended it came within the principles of the case, *Collins v. Hall* [*ante*], lately determined in the Supreme Court in Sussex, and urged the reasons which in that case were pressed by the defendant's counsel.   That if this woman be sworn, it will be to give evidence against a white person, which is *particularly prohibited* by the words and the spirit of the Act of February 3, 1787 [2 Del.Laws 887].   That it is impossible to draw the line distinctly in what cases Negroes are not admissible witnesses, if they be admitted in any, and the consequence will [be] that the white people will be exposed to the mercy, that is, to the jealousies and the prejudices of the blacks, in everything which concerns their most valuable interests.

*Ridgely* [Attorney General], for State.   The admission of the witness in this case depends upon different principles and will be attended with very different effects from the admission of the negro man in the case of *Collins v. Hall.*   In that case, many other witnesses were sworn on the same side, and the evidence of the Negro was not to go to anything which was exclusively within his knowledge.   It could not be said there, as it may here, that the witness must be produced *ex necessitate rei,* or injustice will be consequence and an offender will go unpunished. This is a principle entitled to very great consideration in questions of evidence.   In some civil cases even the party himself may be a witness, from necessity, 12 Vin.Abr. 24, pl. 34;  26, pl. 2, 3.   The

---

* This case is also reported in *Bayard's Notebook, 34;  Clayton's Notebook, 2; Read's Notebook, 12;  Wilson's Red Book, 11.*

rejection of such witnesses in civil cases, and in other courts, can have no application to business in the Sessions, where the defendant is prosecuted for an offence against the State, by the person who has received the injury. And the case is made still stronger by her being the only witness who can prove the fact.

But further, by the words as well as the spirit of the Act of Assembly, which the counsel for the defendant confides in for the establishment of his objection, this witness should be admitted. The section must be taken altogether, and it expressly admits of a Negro's evidence even against white persons, "to obtain redress in law and equity for any injury to his or her person or property." In this case, it is evidently to obtain redress for an injury done to her person, that the prosecutrix claims the right to give evidence against the defendant. Though this is a prosecution in the name of the State, yet it is one species of redress. By the penalty inflicted, the party will be deterred from a repetition of his offence. If a Negro's testimony cannot be admitted in a case like this, in the Sessions, for a personal injury, it cannot in any, and, of course, the exception in the Act does not operate. The consequence must be that the wicked dispositions of many white persons may be gratified by the oppressive, cruel treatment of Negroes, by the greatest injuries to their persons and properties, without the possibility of redress or of punishment, unless by accident some white person were present.

BASSETT, C. J. The Court would have been desirous of more time in settling their opinion on a subject of so much importance, especially as this is the first case of the kind which has come before the Court since the passage of the Act of 1787. But this is one of those cases which arise during the trial of the cause, and without the determination of which the business cannot proceed. The question which the Court are now to decide is whether in the trial of a criminal charge, where an injury has been done to the person or property of a free Negro, when no white witness was present, the Negro who was injured and who is prosecutor may be sworn? And a majority of the Court are of opinion against the objection.

We do not say that a free Negro may be generally admitted as a witness, or in any cases between two white persons, or in a case where a free Negro is a prosecutor, as the present, if a white person were present, or other evidence could be procured. It is upon the particular circumstances of this case, that the decision must be understood to be made, and its circumstances are totally different from the case of *Collins v. Hall,* lately adjudged in the Supreme Court. That was a cause between two white

662

persons, and there appeared no existing necessity for the admission of that witness. Here it is otherwise; if this prosecutrix be not sworn, the offender against the laws of the state will remain unpunished, and injustice will be the consequence. This is certainly one mode of redress, among many others, to those who receive personal injuries. It may indeed be considered, in a great degree, as the only mode of redress in the contemplation of the legislature. The consequences of prohibiting the use of this particular method of free blacks' doing justice to themselves by being heard on a criminal prosecution, when they have no other witnesses, are too numerous and too important to escape consideration.